UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re

Georgian Backyard LLC,

                    Debtor.

-------------------------------------------------------------X

Chapter 11

Case No. 23-43881-jmm

# MEMORANDUM DECISION DENYING MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 1112(b) TO DISMISS CASE FILED ON BEHALF OF LIA BECK

| | |
|---|---|
| Mark E. Cohen, Esq.<br>Pryor & Mandelup, LLP<br>375 Old Country Road<br>Westbury, NY  11590 | Alla Kachan, Esq.<br>Law Offices of Alla Kachan P.C.<br>2799 Coney Island Avenue, Ste Unit 202<br>Brooklyn, NY 11235 |
| *Attorney for Lia Beck* | *Attorney for Georgian Backyard LLC* |

## INTRODUCTION

Lia Beck ("Beck") and Mariam Qurashvili ("Qurashvili") each own 50% of the membership interests in Georgian Backyard LLC (the "Debtor"). Qurashvili caused a voluntary petition for relief to be filed on behalf of the Debtor. Beck seeks dismissal of this case under section 1112(b) of title 11, United States Code (the "Bankruptcy Code"). Beck claims there is cause to dismiss this case because the bankruptcy petition was not authorized, the case was filed in bad faith, and the Debtor has failed to file monthly operating reports.

As set forth more fully below, Beck's motion is denied because Qurashvili was authorized to commence a bankruptcy case on behalf of the Debtor without Beck's consent, Beck has not satisfied her burden to prove the case was filed in bad faith, and the Debtor is substantially current in filing operating reports.

## JURISDICTION AND VENUE

The Court has jurisdiction to hear and determine this contested matter under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334(b), and the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by the Order, dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure. Venue of this case and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL HISTORY

The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 25, 2023. Voluntary Pet. for Non-Individuals Filing for Bankruptcy, ECF 1.

On January 18, 2024, Beck moved to dismiss the case. *See* Mot. for an Order Pursuant to 11 U.S.C. §§ 105(a) and 1112(b) Dismissing Chapter 11 Case, ECF 21 (the "Mot."). The Debtor filed its objection to the Motion on January 31, 2024. *See* Debtor's Obj. to Mot. to Dismiss the Chapter 11 Case, ECF 28. Beck replied to the objection on February 5, 2024, and the Debtor responded on February 6, 2024. *See* Reply in Further Supp. of Mot. Pursuant to 11 U.S.C. §§ 105(a) and 1112(b) Dismissing Chapter 11 Case, ECF 30; Resp. to Creditor's Reply to Debtor's Obj. to Mot. to Dismiss the Chapter 11 Case, ECF 32. With the Court's permission, the parties filed supplemental memoranda in support of their respective positions. *See* Suppl. Reply Mem. of Law in Supp. of Mot. to Dismiss, ECF 37; Suppl. Br. in Opp'n to Mot. to Dismiss the Chapter 11 Case, ECF 39. The Court heard oral argument on February 7, 2024, and adjourned the hearing to March 27, 2024.

## BACKGROUND

The Debtor is a limited liability company formed under New York State law that operates a Brooklyn restaurant. Aff. in Supp. of Mot. to Dismiss Chapter 11 at ¶¶ 2, 3, ECF 21-3. Qurashvili and Beck agree: the Debtor is a member-managed limited liability company; they each own 50% of the interests in the Debtor; and the Debtor's articles of organization are silent respecting a member's authority to commence a bankruptcy case on behalf of the Debtor. Qurashvili produced an operating agreement for the Debtor, but it also is silent respecting the authority needed by a member to commence a bankruptcy case. Ltd. Liability Co. Operating Agreement of Georgian Backyard LLC, ECF 40. Further, Beck denies signing it. Reply in Further Supp. of Mot. Pursuant to 11 U.S.C. §§ 105(a) and 1112(b) Dismissing Chapter 11 Case at ¶ 1, ECF 30.

On October 25, 2023, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the bankruptcy code. Voluntary Pet. for Non-Individuals Filing for Bankruptcy, ECF 1. The petition was signed by Mariam Qurashvili as "Principal." *Id.* at 5.

Prior to the commencement of this bankruptcy case, Beck commenced an action captioned *Georgian Backyard LLC, and Lia Beck, as managing member of Georgian Backyard LLC v. Mariam Qurashvili, individually and as managing member of Georgian Backyard LLC*, Index No. 512930/2022 (the "State Court Action") in the Supreme Court of the State of New York, County of Kings. Aff. in Supp. of Motion to Dismiss Chapter 11 at ¶ 4, ECF 21-3. Beck alleged that Qurashvili committed improprieties and requested dissolution of the Debtor. *Id.* Default judgment was entered in favor of Beck. Aff. in Supp. of Motion to Dismiss Chapter 11, Ex. B, ECF 21-3. On December 7, 2022, the Judge in the State Court Action vacated the default judgment. Aff. in Supp. of Motion to Dismiss Chapter 11, Ex. C, ECF 21-3.

## DISCUSSION

Bankruptcy Code section 1112(b) provides that the court shall convert a chapter 11 case to one under chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate, for cause. 11 U.S.C. § 1112(b). "The lack of authority to file a voluntary chapter 11 bankruptcy petition by the party filing it constitutes . . . 'cause' for relief under § 1112(b) of the Bankruptcy Code." *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 WL 4637460, at *6 (Bankr. S.D.N.Y. Sept. 25, 2018); *See Price v. Gurney*, 324 U.S. 100, 106 (1945). Bad faith or lack of good faith also constitutes cause to dismiss a chapter 11 case. *See, e.g.*, *In re C–TC 9th Ave. P'ship*, 113 F.3d 1304, 1311–12 (2d Cir. 1997). Lastly, a debtor's failure to file operating reports constitutes cause for dismissal. 11 U.S.C. § 1112(b)(4)(F) (cause

to dismiss includes "unexcused failure to satisfy timely any filing or reporting requirement established by [title 11]").

The moving party carries the burden of demonstrating cause to dismiss under Bankruptcy Code section 1112(b) by a preponderance of the evidence, even if the alleged cause to dismiss is lack of due authority. *In re Quad-C Funding LLC*, 496 B.R. 135, 141–42 (Bankr. S.D.N.Y. 2013). However, if the issue is whether the petition was filed in good faith, the movant bears the initial burden to make a prima facie showing to support the allegation of bad faith, then the burden shifts to the debtor to demonstrate the petition was filed in good faith. *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co.*, 476 B.R. 60, 68–69 (E.D.N.Y. 2012).

State law governs who is authorized to commence a bankruptcy case on behalf of an entity. *In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, 2018 WL 4637460, at *6. New York law governs whether the Debtor's bankruptcy petition was authorized because the Debtor was formed as a New York limited liability company. Mot. at 4. New York Limited Liability Company Law (the "NYLLCL") permits a limited liability company's members to define each member's rights, duties, and obligations in the articles of organization and operating agreement. *See* NYLLCL § 203 (a limited liability company's articles of organization may include "a statement of whether there are limitations on the authority of members or managers or a class or classes thereof to bind the limited liability company."); *see also Spires v. Casterline*, 778 N.Y.S.2d 259, 265 (Sup. Ct. 2004) (members may agree to certain terms, conduct, and provisions for operating the business in operating agreement).

"If there is no operating agreement, or if the operating agreement does not address certain topics, an LLC is bound by the default requirements in the [NYLLCL]." *Sullivan v. Ruvoldt*, No. 16 Civ. 583 (ER), 2017 WL 1157150, at *4 (S.D.N.Y. Mar. 27, 2017) (*citing In re Eight of*

4

*Swords, LLC*, 946 N.Y.S.2d 248, 249 (2012)); *In re 1545 Ocean Ave., LLC*, 893 N.Y.S.2d 590 (2010).

Under NYLLCL § 401, a limited liability company may be managed by its members; in which case, each member shall be deemed a manager of the company. The section states in relevant part:

> a) Unless the articles of organization provides for management of the limited liability company by a manager or managers or a class or classes of managers, management of the limited liability company shall be vested in its members who shall manage the limited liability company in accordance with this chapter . . . .
>
> (b) If management of a limited liability company is vested in its members, then (i) any such member exercising such management powers or responsibilities shall be deemed to be a manager for purposes of applying the provisions of this chapter, unless the context otherwise requires, and (ii) any such member shall have and be subject to all of the duties and liabilities of a manager provided in this chapter.

NYLLCL § 401. Under NYLLCL § 412, absent restrictions in the articles of organization or operating agreement, any member of a limited liability company may act on behalf of the company and bind the company. That section provides:

> [E]very member is an agent of the limited liability company for the purpose of its business, and the act of every member, including the execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company, binds the limited liability company, unless (i) the member so acting has in fact no authority to act for the limited liability company in the particular matter and (ii) the person with whom he or she is dealing has knowledge of the fact that the member has no such authority.

NYLLCL § 412.

Notwithstanding NYLLCL §§ 401 and 412, certain actions may only be taken if authorized by a vote of those members that hold a majority in interest entitled to vote. For example, under NYLLCL § 402(c), except as provided in the operating agreement, the vote of a majority in interest of the members entitled to vote is required to: admit a member and issue membership interests; approve the incurrence of indebtedness other than in the ordinary course

of business; or adopt, amend, restate or revoke the articles of organization or operating agreement. NYLLCL § 402(c). Additionally, under NYLLCL § 402(d), a vote of *at least* a majority in interest of the members entitled to vote is required to approve: the dissolution of the limited liability company; the sale, exchange, lease, mortgage, pledge or other transfer of all or substantially all of the assets of the limited liability company; or a merger or consolidation of the limited liability company with or into another limited liability company or foreign limited liability company. NYLLCL § 402.[1]

Based on NYLLCL §§ 401 and 412, Beck and Qurashvili are each authorized to manage and bind the Debtor. None of the articles of organization, operating agreement, or applicable law limit Beck's or Qurashvili's authority to commence a bankruptcy case for the Debtor or require a majority or supermajority member vote to authorize a bankruptcy case for the Debtor. Therefore, Qurashvili was authorized to file a bankruptcy petition on behalf of the Debtor without Beck's consent.

Beck argues NYLLCL § 402(f) requires that a majority of members vote to authorize a bankruptcy filing. Suppl. Reply Mem. of Law in Supp. of Mot. to Dismiss at 2-5, ECF 37. That section states:

> Whenever any action is to be taken under this chapter by the members or a class of members, it shall, except as otherwise required or specified by this chapter or the articles of organization or the operating agreement as permitted by this chapter, be authorized by a majority in interest of the members' votes cast at a meeting of members by members or such class of members entitled to vote thereon.

NYLLCL § 402(f).

---

[1] Similarly, NYLLCL § 414 requires a vote by a majority in interest of the members to remove the manager, unless the operating agreement provides otherwise.

Although NYLLCL requires a vote by a majority in interest of the votes cast at a meeting when there is a vote, the Court disagrees with Beck's contention that § 402(f) requires a majority vote for every action to be taken by a limited liability company. Instead, the Court reads § 402(f) to mean if a vote is required under the NYLLCL (for example under NYLLCL § 402(c) and (d)), and the articles of organization and the operating agreement are silent, then (a) there must be a meeting of the members entitled to vote; and (b) the vote required to authorize the act is a vote by a majority in interest of the members' votes cast at the meeting. Stated otherwise, § 402(f) prescribes the mechanics for the vote, not the matters that require a vote.

Further, if Beck's interpretation of § 402(f) were correct, then each ordinary course business decisions would require a majority member vote, which is not the case. *See Merrell-Benco Agency, LLC v. HSBC Bank USA*, 799 N.Y.S.2d 590, 592 (App. Div. 3rd Dept. 2005) ("loans obtained in the ordinary course of business need not be approved by a majority of the members of an LLC; a party lender may assume that a member of a member-managed LLC has the authority to bind the LLC"); *see also Er-Loom Realty LLC v. Prelosh Realty*, LLC 24 Misc. 3d, 1231 (Brx. S. Ct. 2009) (Under NYCCL § 412(a), single member that owned 50% of the interests of member-managed LLC that had two members, had authority to bind LLC to sale of building that was LLC's sole asset.).

Relying on *In re Avalon Hotel Partners, LLC*, 302 B.R. 377 (Bankr. D. Or. 2003) and *JTB Enters., L.C. v. D & B Venture, L.C. (In re DeLuca)*, 194 B.R. 79 (Bankr. E.D. Va. 1996), Beck asks the Court to impose a requirement for a majority vote to authorize a bankruptcy case for the Debtor as if the requirement existed prior to the Petition Date. Mot. at 5–6, ECF 21-2. In *Avalon Hotel*, the debtor's operating agreement included a list of "major decisions" that required the consent of members holding 75% of the membership interests. *In re Avalon Hotel Partners,*

*LLC,* 302 B.R. at 380.  Commencing a bankruptcy case was not included in the "major decisions" list.  Nonetheless, the court observed that the list was nonexclusive, filing for bankruptcy was outside the ordinary course of business, and was equivalent to a "major decision" requiring the consent of members holding 75% of the interests.  *Id.*

In *Deluca*, the debtor's operating agreement also contained a "major decisions" clause that required a majority vote of the membership interests for certain actions.  *In re DeLuca*, 194 B.R. at 87.  Although not an issue in that case, the court noted that "the decision to file a chapter 11 petition was a 'major decision' that required the vote of the members and that [the managing member] had no authority, solely in its capacity as manager, to file a chapter 11 petition on behalf of [the company]."  *Id.* at 87 n.12.

In *Avalon Hotel* and *Deluca*, each debtor's members expressed an intent that "major decisions" not be made without the consent of the members holding a majority, or more than a majority, of the interests.  No such intent is expressed in the Debtor's articles of organization or operating agreement (to the extent there is a binding operating agreement).  Beck has not supplied citations to authority permitting a court to impose voting requirements for major decisions on a limited liability company's members.

Beck goes further and argues the commencement of a bankruptcy case requires the unanimous vote of its members, stating:

> If a limited liability company is member-managed, it is treated as a partnership under the Bankruptcy Code, and absent specific provisions contained in the organizational documents, all of the members would be required to consent to a bankruptcy filing; if fewer than all consent, there is a risk that the filing could be treated either as an involuntary bankruptcy filing or a nullity.

Mot. at 4 (*citing* Thomas F. Blakemore, *Limited Liability Companies and the Bankruptcy Code: A Technical Review*, 13 Am. Bankr. Inst. J. 12, 12–42 (June 1994)).  The article Beck cites does not suggest unanimous member consent is required to authorize a bankruptcy petition for a

8

limited liability company. Instead, the article observes that bankruptcy courts that equate bankruptcy with state law dissolution may require the bankruptcy petition be authorized using the same vote as is required under applicable state law for dissolution. The article states:

> Because of the similarity between a bankruptcy filing and a state dissolution procedure, courts may require unanimity for a voluntary filing when the agreement or articles are silent on the issue and the LLC statute contains dissolution provisions similar to the Delaware statute. This interpretation would make filing the petition difficult if the members cannot reach agreement. [Bankruptcy] Code §303(b)(3), that permits the filing of an involuntary petition by one general partner of a partnership, presumably is not available to LLCs. Such section literally applies only to partnerships and gives individual general partners, whose on-going liability is of concern to them, the ability to protect the partnership's assets.

Blakemore at 12,41–42. Although the article warns that courts may equate bankruptcy with dissolution, cases discussing the NYLLCL hold that bankruptcy is distinct from dissolution. *See, e.g.*, *In re E. End Dev. LLC*, 491 B.R. 633, 640 (Bankr. E.D.N.Y. 2013) (bankruptcy petition was not equivalent to liquidation or dissolution because those terms "have a precise statutory meaning under the applicable corporation law of a particular jurisdiction.") (*citing Prescott, Ball & Turben v. LTV Corp.*, 531 F. Supp. 213, 219 (S.D.N.Y. 1981)). Furthermore, assuming arguendo, that bankruptcy is tantamount to dissolution, the NYLLCL does not require unanimous member consent for dissolution. *See* NYLLCL § 412(d)(1) (requiring at least a majority of members entitled to vote to approve dissolution).

Finally, Beck argues if Qurashvili is authorized to commence a bankruptcy case for the Debtor, then there would be nothing stopping a 1% member from commencing a bankruptcy case. Reply in Further Supp. of Mot. Pursuant to 11 U.S.C. §§ 105(a) and 1112(b) Dismissing Chapter 11 Case at 1, ECF 30. Beck is incorrect. Members may agree in the articles of organization or operating agreement to restrict the rights of members to commence a bankruptcy

9

case on behalf of the limited liability company. *See Franchise Servs. of N. Am., Inc. v. United States Trustee (In re Franchise Servs. of N. Am., Inc.)*, 891 F.3d 198, 208 (5th Cir. 2018), *as revised* (June 14, 2018) (operating agreement enabling preferred shareholder to veto a bankruptcy filing not prohibited by federal bankruptcy law); *DB Capital Holdings, LLC v. Aspen HH Ventures, LLC (In re DB Capital Holdings, LLC)*, 463 B.R. 142 (10th Cir. B.A.P. 2010) (members of limited liability company may agree to prohibit a bankruptcy filing).[2] In this case, Beck and Qurashvili could have restricted each other's ability to authorize a bankruptcy case but did not do so.

Beck argues there is cause to dismiss this case because it was filed to protect Qurashvili from Beck's claims in the state court action and because the Debtor failed to file monthly operating reports. Mot. at 1. The allegation that the bankruptcy case was filed to protect Qurashvili is conclusory and unsupported. Additionally, the Debtor has filed the missing operating reports.

---

[2] These cases are to be distinguished from cases holding that operating agreements granting creditors, as opposed to members, the ability to block a bankruptcy filing are unenforceable. *See, e.g.*, *Bank of China v. Huang* (*In re Huang*), 275 F.3d 1173 (9th Cir. 2002) (holding that it is against public policy for a debtor to agree with a creditor not to file bankruptcy); *In re Bay Club Partners-472, LLC*, 2014 WL 1796688 (Bankr. D. Or. 2014) (holding prepetition waivers of bankruptcy protection are contrary to public policy).

## **CONCLUSION**

Based on the foregoing, Beck has failed to satisfy her burden to establish cause to dismiss this case. The Motion is denied. The Court will enter an order consistent with this memorandum.

Dated: April 18, 2024
Brooklyn, New York



Jil Mazer-Marino
United States Bankruptcy Judge